IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Blake Crenshaw, | Civil Action No.: 1:14-cv-00037 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| TRS Recovery Services, Inc., | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Blake Crenshaw, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 117, *et seq.* ("TCPA") and the North Carolina Fair Debt Collection Practices Act by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Blake Crenshaw ("Plaintiff"), is an adult individual residing in Asheboro, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant TRS Recovery Services, Inc. ("TRS"), is a Colorado business entity with an address of 6200 South Quebec Street, Suite 420B, Greenwood Village, Colorado 80111, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to TRS for collection, or TRS was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. TRS Engages in Harassment and Abusive Tactics

10. Beginning on or around December 2012, TRS contacted Plaintiff by placing calls to Plaintiff's cellular phone using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls") in an attempt to collect the Debt.

11. Each of TRS' Robocalls gave a message which instructed Plaintiff to call TRS.

12. On numerous occasions, Plaintiff would subsequently speak with a live representative of TRS to request that they cease all calls to his cellular phone as he was unemployed and had no means to satisfy the Debt.

13. At times, TRS failed to disclose their company name to Plaintiff and would instead interrogate Plaintiff for his residential address.

14. TRS would acknowledge Plaintiff's demands that TRS cease their calls, but stated that until the Debt was satisfied, they would continue to place Robocalls to Plaintiff.

15. Thereafter, TRS continued to hound Plaintiff with daily Robocalls, despite Plaintiff's request that these calls cease.

**C. Plaintiff Suffered Actual Damages**

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

21. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

22. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT, N.C. Gen.Stat. § 58-70, *et seq.*

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Plaintiff is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

27. The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15, and is duly licensed collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

28. The Defendant caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute as harassment to the Plaintiff under the circumstances, in violation of N.C. Gen.Stat. § 58-70-100(3).

## COUNT III

### VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, *et seq.*

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

31. The Plaintiff suffered mental anguish and other damages in an amount to be proven at trial.

32. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## COUNT IV

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendant contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

35. Plaintiff revoked his consent to be contacted by Defendant on his cellular telephone by his repeated demands to cease calling his cellular telephone.

36. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

37. Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

38. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

39. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40. The Plaintiff is entitled to damages as a result of the Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 per violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
4. Actual damages pursuant to N.C. Gen.Stat. § 58-70-130(a);
5. Statutory damages of $4,000.00 per violation pursuant to N.C. Gen.Stat. § 58-70-130(b);
6. Attorney's fees pursuant to N.C.G.S. § 75-16.1;
7. Statutory damages for each violation pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
8. Punitive damages; and
9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 16, 2014

        Respectfully submitted,

    By:   */s/ Ruth M. Allen*

        Ruth M. Allen, Esq.
        Bar Number: 34739
        7413 Six Forks Road, Suite 326
        Raleigh, NC 27615
        Email: rallen@lemberglaw.com
        Telephone: (855) 301-2100 Ext. 5536
        Facsimile: (888) 953-6237
        Attorney for Plaintiff

        Of Counsel To:

        Sergei Lemberg, Esq.
        LEMBERG LAW L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424